NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAROL JENNIFER ZEA-RAMOS; JUAN MANUEL AMAYA-AGUIRRE; JOSBA MICHAEL AMAYA-ZEA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1408 <br><br> Agency Nos. <br> A240-742-058 <br> A240-742-057 <br> A240-742-059 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Karol Jennifer Zea Ramos ("Zea Ramos") and her family (collectively,

"Petitioners") are natives and citizens of Peru who seek review of the Board of

Immigration Appeals' ("Board") decision affirming an Immigration Judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.    Where, as here, the Board conducted "its own review of the evidence and law," this court's review "is limited to the [Board's] decision, except to the extent the IJ's opinion is expressly adopted." *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024). Petitioners raise two issues from the IJ's opinion that were not "expressly adopted" by the Board, namely, whether they suffered harm that rose to the level of persecution, and whether they suffered harm on account of a protected ground. The Board did not reach these issues, and instead rested its decision on the ground that Petitioners did not establish that the government of Peru is "unable or unwilling" to protect them. We therefore decline to reach these other issues as well. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board.").

2.    Whether a government is "unable or unwilling" to control persecution is a legal standard against which the IJ and Board apply facts adduced both before and during the alien's removal hearing. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1056 (9th Cir. 2017) (en banc). It is therefore a "quintessential mixed question of law and fact" that this court reviews under a "deferential" substantial evidence review standard. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024);

2                                                                    24-1408

*Bringas-Rodriguez*, 850 F.3d at 1073 (reviewing the "unable or unwilling" question for substantial evidence). "This strict standard bars the reviewing court from independently weighing the evidence and holding that the petitioner is eligible for asylum, except in cases where . . . any reasonable adjudicator would be compelled to conclude to the contrary." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023) (internal quotations omitted).

Substantial evidence supports the Board's conclusion that Petitioners did not establish that the government of Peru is "unable or unwilling" to protect them. The record shows that when Zea Ramos first reported her former partner Pedro Kunny Fajardo Gacia's ("Fajardo") abuse, the police issued a one-month restraining order that was effective at protecting her and her two sons. The record also shows that Zea Ramos successfully convinced the police to drop a false complaint that Fajardo filed against her son. The fact that Zea Ramos observed the police "eating with [Fajardo]" does not otherwise undermine this evidence showing that the police were indeed willing and able to protect Petitioners when called on to do so. The Board also did not attach weight to Petitioners fleeing Peru the day after Fajardo shot at them, and accurately found that there was "insufficient evidence in the record that the police did not investigate [Zea Ramos's] complaint" because Petitioners left the next day.

3.      For the same reasons that substantial evidence supports the Board's

conclusion that Petitioners did not establish the government of Peru is "unable or unwilling" to protect them, substantial evidence supports the Board's conclusion that Petitioners did not establish they would be tortured by or with the consent or acquiescence of the Peruvian government.

**PETITION DENIED**.